IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANNA ARMSTRONG,                      )
                                     )
                Plaintiff,           )
                                     )   CIVIL ACTION
v.                                   )
                                     )   No. 09-2405-CM-GBC
                                     )
MICHAEL J. ASTRUE,                   )
Commissioner of Social Security,     )
                                     )
                Defendant.           )
_____ )


## REPORT AND RECOMMENDATION

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) and supplemental security income (SSI) under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act).  Finding error in the ALJ's analysis, the court recommends the decision be REVERSED and judgment be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings.

## I.  Background

Plaintiff applied for DIB and SSI alleging disability since July 1, 2003.  (R. 17).  The applications were denied initially and upon reconsideration, and Plaintiff requested a hearing before an administrative law judge (ALJ).  <u>Id.</u> at 17, 78.

Plaintiff's request was granted, and Plaintiff appeared with counsel for a hearing before ALJ Evelyn M. Gunn on January 16, 2008. (R. 17, 38-68). At the hearing, testimony was taken from Plaintiff and from a vocational expert. Id. at 17, 38-39.

The ALJ issued a decision finding at step four that Plaintiff "is 'not disabled' within the meaning of the Act because at all times pertinent herein, she has been capable of performing her past relevant sedentary and light jobs as an administrative secretary, cashier/checker, data entry clerk, typist, cashier, and personal care attendant, provided she abstains from alcohol and is medically compliant." Id. at 26. Therefore, the ALJ denied Plaintiff's applications. Id. at 27.

Disagreeing with the decision, Plaintiff sought Appeals Council review, and submitted additional evidence. (R. 11, 384-406). The Appeals Council issued an order making the additional evidence a part of the administrative record, (R. 8), and considered the additional evidence and the arguments of Plaintiff's counsel, but nonetheless denied review. (R. 5-7). Therefore, the ALJ's decision is the final decision of the Commissioner. (R. 7); Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006). Plaintiff now seeks judicial review.

## II. Legal Standard

The court's review is guided by the Act. 42 U.S.C. §§ 405(g), 1383(c)(3). Section 405(g) provides, "The findings of

the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but less than a preponderance, and it is such evidence as a reasonable mind might accept to support a conclusion. Zoltanski v. F.A.A., 372 F.3d 1195, 1200 (10th Cir. 2004); Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." White, 287 F.3d at 905 (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). The determination of whether substantial evidence supports the Commissioner's decision, however, is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of

at least twelve months.  42 U.S.C. § 423(d).  The claimant's impairments must be of such severity that she is not only unable to perform her past relevant work, but cannot, considering her age, education, and work experience, engage in any other substantial gainful work existing in the national economy.  Id.

The Commissioner uses a five-step sequential process to evaluate whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920 (2007); Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004); Ray, 865 F.2d at 224.  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment, and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Id. at 750-51.  If a claimant's impairments do not meet or equal a listed impairment, the Commissioner assesses her residual functional capacity (RFC). 20 C.F.R. §§ 404.1520(e), 416.920(e).  This assessment is used at both step four and step five of the sequential process.  Id.

After assessing claimant's RFC, the Commissioner evaluates steps four and five--whether claimant can perform past relevant

work, and whether, when considering vocational factors of age, education, and work experience, she is able to perform other work in the economy. <u>Williams</u>, 844 F.2d at 751. In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work. <u>Dikeman v. Halter</u>, 245 F.3d 1182, 1184 (10th Cir. 2001); <u>Williams</u>, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show jobs in the national economy within Plaintiff's capacity. <u>Id.</u>; <u>Haddock v. Apfel</u>, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims the ALJ erred at step four of the sequential evaluation process. (Pl. Br. 16-21). The Commissioner argues that the ALJ properly found Plaintiff is able to perform certain of her past relevant work. (Comm'r Br. 22-24). The court finds the ALJ erred in applying the legal standards applicable in this case, and remand is necessary for a proper disability determination.

## III. The Step Four Determination

At step four of the sequential evaluation process, the ALJ is required to make specific findings in three phases. <u>Winfrey v. Chater</u>, 92 F.3d 1017, 1023 (10th Cir. 1996); <u>citing</u> <u>Soc. Sec. Ruling</u> (SSR) 82-62, 1975-1982 West's Soc. Sec. Reporting Serv., Rulings 809, 813 (1983). In phase one, the ALJ assesses Plaintiff's RFC. <u>Winfrey</u>, 92 F.3d at 1023. In phase two, the ALJ "must determine the physical and mental demands of the

-5-

claimant's past relevant work." <u>Winfrey</u>, 92 F.3d at 1023.
Finally, in phase three, the ALJ must determine "whether the
claimant has the ability to meet the job demands found in phase
two despite the mental and/or physical limitations found in phase
one." <u>Id.</u> These findings are to be made on the record by the
ALJ. <u>Id.</u> at 1025; <u>accord</u>, SSR 82-62, 1975-1982 West's Soc. Sec.
Reporting Serv., Rulings, at 813 ("decision must contain . . .
specific findings of fact" regarding each of the three phases).

The Tenth Circuit has explained that an ALJ may properly
rely upon vocational expert (VE) testimony in making his findings
at phase two and phase three of step four. <u>Doyal v. Barnhart</u>,
331 F.3d 758, 761 (10th Cir. 2003). The ALJ may not delegate the
step-four analysis to the VE. He may, however, rely on
information supplied by the VE regarding the demands of
plaintiff's past relevant work and whether a person with
plaintiff's RFC could meet those demands, and he may accept the
VE's opinions. <u>Doyal</u>, 331 F.3d at 761. The critical distinction
is whether the ALJ merely relied upon VE testimony in making the
findings, or whether the ALJ delegated the phase two and phase
three findings to the VE. <u>Id.</u> 331 F.3d at 761. Where the ALJ
makes the phase two and phase three findings and merely quotes
the VE testimony approvingly in support of those findings, he has
properly relied upon the VE testimony. <u>Id.</u>

### A.    The ALJ's Step Four Analysis

-6-

In her decision, the ALJ assessed Plaintiff's RFC; she found "No mental limitations are applicable for claimant, provided she abstains from alcohol and/or illicit drugs and is medically compliant." (R. 25). She found that pursuant to physical impairments, Plaintiff is restricted to light work, limited to only occasional balancing, stooping, kneeling, crouching, crawling, and climbing of stairs and ramps. <u>Id.</u>

The ALJ summarized the classification of Plaintiff's past relevant work "according to the vocational expert and as described in the <u>Dictionary of Occupational Titles</u> (DOT)." <u>Id.</u> As relevant to the ALJ's step four findings and to Plaintiff's allegations of error, the ALJ noted past relevant work as: administrative secretary, sedentary, semi-skilled; cashier/checker, light, semi-skilled; data entry clerk, sedentary, semi-skilled; typist, sedentary, semi-skilled; personal care attendant, light, semi-skilled; and general cashier, light, unskilled. <u>Id.</u> The ALJ cited to her questioning of the VE "[a]t the hearing, as fully set forth in the hearing record," and noted VE testimony that a person of Plaintiff's "age, education, work background, medically determinable impairments and residual functional capacity assessment, with the above-referenced limitations," <u>id.</u>, could perform Plaintiff's past relevant work as an "administrative secretary, cashier/checker, data entry clerk, typist, cashier, and personal

care attendant," id. at 26.  The ALJ concluded that she agreed

with the VE testimony, and found Plaintiff "is 'not disabled'

within the meaning of the Act because at all times pertinent

herein, she has been capable of performing her past relevant

sedentary and light jobs . . . provided she abstains from alcohol

and is medically compliant."  Id.

### B.   The Parties' Arguments

Plaintiff argued that the ALJ erred at phase one by failing

to assess the functional restrictions imposed by Plaintiff's

impairments:  "status post fracture of his [sic] right clavicle,

status post gunshot wound of the left hand and . . . a history of

substance abuse."  (Pl. Br. 18)(citing (R. 20)).  She argued that

"the ALJ did not consider the functional restrictions imposed by

Armstrong' [sic] mental impairments."  Id. at 19(citing bipolar

disorder, recurrent major depression, and various GAF[1] scores of

45 to 50).  Further, she argued that although the ALJ concluded

_____

[1]Global Assessment of Functioning.  A GAF score is a
subjective determination which represents "the clinician's
judgment of the individual's overall level of functioning."  Am.
Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental
Disorders (DSM-IV) 30 (4th ed. 1994).  The GAF Scale ranges from
100 (superior functioning) to 1 (persistent danger of severely
hurting self or others, persistent inability to maintain minimal
personal hygiene, or serious suicidal act with clear expectation
of death).  Id. at 32.  GAF is a classification system providing
objective evidence of a degree of mental impairment.  Birnell v.
Apfel, 45 F. Supp. 2d 826, 835-36 (D. Kan. 1999) (citing Schmidt
v. Callahan, 995 F. Supp. 869, 886, n.13 (N.D. Ill. 1998)).
A GAF score in the range of 41-50 indicates "**Serious
symptoms . . . OR any serious impairment in social, occupational,
or school functioning.**"  DSM IV at 32.

Plaintiff's mental impairments would not be severe absent substance abuse, there is no medical evidence how her mental impairments are affected by substance abuse, and that "[a]pparently the ALJ concluded that if Armstrong' [sic] mental impairments were not disabling, they need not be considered as a part of his [sic] RFC evaluation."  (Pl. Br. 20).

Plaintiff argued that the ALJ erred at phase two by failing to inquire into or make a specific finding respecting the mental demands of Plaintiff's past relevant work.  (Pl. Br. 21). Finally, she argued that because of the phase one and phase two errors, the ALJ was unable to make the proper phase three findings.  Id.

The Commissioner argued that the ALJ properly assessed Plaintiff's RFC in accordance with SSR 96-8p.  (Comm'r Br. 22). He argued that Plaintiff's argument respecting a fractured right clavicle and gunshot wound has no basis in the record and should be disregarded, and that the ALJ properly found Plaintiff's mental impairments are not severe when she abstains from substance abuse and complies with medical treatment.  Id. at 23. Finally, with regard to the demands of past relevant work, the Commissioner argued that Plaintiff prepared a work history report to which both the ALJ and the VE referred and upon which both relied at the hearing, (Comm'r Br. 23), that the past relevant work of which the ALJ found Plaintiff capable is consistent with

the RFC assessed, and that Plaintiff failed her burden to show
that she is unable to perform the work, id. at 24.

**C.** **Analysis**

With respect to Plaintiff's arguments regarding fracture of
the right clavicle and gunshot wound of the left hand, the
Commissioner is correct that there is nothing relating to these
alleged impairments in the record.  Apparently, the argument is
based upon another claimant's record or upon an argument "cut and
pasted" from another source.  The court notes that in an earlier
portion of his brief Plaintiff referred to the ALJ's finding that
"Armstrong could return to his [sic] past relevant work as 'a
general laborer.'"  (Pl. Br. 16)(citing (R. 20)).  Since neither
of these assertions apply to Plaintiff, and since the court's
search of the record reveals no reference to such facts, the
court disregards the argument.

However, Plaintiff also argued that the ALJ failed to assess
the functional restrictions imposed by her history of substance
abuse.  (Pl. Br. 18).  The Commissioner's argument on this issue
is unclear:

> Plaintiff's suggestion that the ALJ failed to account
> for Plaintiff's history of substance abuse is also
> puzzling.  See Pl.'s Br. at 18.  Plaintiff testified at
> the administrative hearing that she had not used
> alcohol since July 2003 and had not used cocaine since
> September 2006 (Tr. 57).

(Comm'r Br. 23).  Perhaps the Commissioner is suggesting because
Plaintiff testified that she had stopped substance abuse there

was no need for further consideration.  That is not the law.
Pursuant to § 105 of Public Law 104-121(amending the Social
Security Act to add § 223(d)(2)(C)(codified at 42 U.S.C.
§ 423(d)(2)(C)), the Commissioner has promulgated regulations for
determining whether drug addiction or alcoholism is a
contributing factor material to the determination of disability.
60 Fed. Reg. 8140, 8147, 8151 (Feb. 10, 1995)(codified at 20
C.F.R. §§ 404.1535, 416.935).  Those regulations provide:

> (a) <u>General</u>.  If we find that you are disabled and have
> medical evidence of your drug addiction or alcoholism,
> we must determine whether your drug addiction or
> alcoholism is a contributing factor material to the
> determination of disability.
>
> (b) <u>Process we will follow when we have medical
> evidence of your drug addiction or alcoholism</u>.  (1) The
> key factor we will examine in determining whether drug
> addiction or alcoholism is a contributing factor
> material to the determination of disability is whether
> we would still find you disabled if you stopped using
> drugs or alcohol.
>
> (2) In making this determination, we will evaluate
> which of your current physical and mental limitations,
> upon which we based our current disability
> determination, would remain if you stopped using drugs
> or alcohol and then determine whether any or all of
> your remaining limitations would be disabling.
>
> (i) If we determine that your remaining limitations
> would not be disabling, we will find that your drug
> addiction or alcoholism is a contributing factor
> material to the determination of disability.
>
> (ii) If we determine that your remaining limitations
> are disabling, you are disabled independent of your
> drug addiction or alcoholism, and we will find that
> your drug addiction or alcoholism is not a contributing
> factor material to the determination of disability.

20 C.F.R. §§ 404.1535, 416.935.

Therefore, where there is medical evidence of drug addiction or alcoholism, the question is not whether Plaintiff testified to current abstinence, the question is (1) whether Plaintiff currently has disabling limitations, if so, (2) which physical and mental limitations would remain if Plaintiff stopped using drugs and alcohol, and, (3) whether these remaining limitations would be disabling. In any case, contrary to Plaintiff's assertion, the ALJ here considered the functional restrictions imposed by Plaintiff's substance abuse, and made a finding regarding those limitations:

> The undersigned finds that claimant, when she abuses illicit drugs and/or alcohol, has a "marked" limitation in the areas of social functioning and in maintaining concentration, persistence or pace. As previously referenced, mental health treatment records have indicated that several of claimant's job terminations have been due to drug and alcohol use on the job and/or effects of substance use (Exhibit 1-F, page 101[(R. 295)]).

(R. 22-23).

In her next phase one argument, Plaintiff argued that the ALJ did not consider what functional restrictions are imposed by her mental impairments of bipolar disorder, and recurrent major depression, and (presumably) what affects of substance abuse would remain in Plaintiff's depression and bipolar disorder if Plaintiff stopped using drugs and alcohol. (Pl. Br. 20)(there is no medical evidence how plaintiff's impairments are affected by

-12-

substance abuse).  The Commissioner responded in but two
sentences:

> [T]he ALJ determined that Plaintiff's alleged mental
> impairments were not severe when she abstained from
> substance abuse and complied with medical treatment, as
> they resulted in no greater than minimal limitations on
> Plaintiff's ability to perform basic work activities
> (Tr. 18-20).  Accordingly, she was not required to
> include any limitations in Plaintiff's RFC regarding
> her alleged mental impairments.

(Comm'r Br. 23).  The parties' arguments are like ships passing
in the night.  They just don't quite perceive each other.

The apparent disconnect between the parties' arguments and
the confusion in the court's attempt to parse the arguments,
illuminates the error in the ALJ's decision.  As discussed above,
the Commissioner has propounded regulations implementing § 105 of
Public Law 104-121.  The law provides that "[a]n individual shall
not be considered to be disabled for purposes of this subchapter
if alcoholism or drug addiction would (but for this subparagraph)
be a contributing factor material to the Commissioner's
determination that the individual is disabled."  42 U.S.C.
§ 423(d)(2)(C).

The Tenth Circuit has had opportunity to interpret the Act
and the implementing regulations.  Drapeau v. Massanari, 255 F.3d
1211, 1214-15 (10th Cir. 2001)(discussing 20 C.F.R. § 416.935).
The Drapeau court held that "a finding of disability is a
condition precedent to an application of § 423(d)(2)(C)."  Id. at
1214(citing 20 C.F.R. § 416.935(a)).  That court explained:

-13-

The Commissioner must first make a determination that
the claimant is disabled.  He must then make a
determination whether the claimant would still be found
disabled if he or she stopped abusing alcohol.  If so,
then the alcohol abuse is not a contributing factor
material to the finding of disability.  If, however,
the claimant's remaining impairments would not be
disabling without the alcohol abuse, then the alcohol
abuse is a contributing factor material to the finding
of disability.  The ALJ cannot begin to apply
§ 423(d)(2)(C) properly when, as here, he has not yet
made a finding of disability.

Drapeau, 255 F.3d at 1214-15(citations omitted).

Here, the court is at a loss to ascertain how the ALJ

applied the regulations implementing Public Law 104-121.  Neither

party presents their arguments within the framework laid out by

the Drapeau court and the regulations.  This court cannot

determine whether the ALJ applied the correct legal standard,

whether she determined as an initial matter (considering all of

Plaintiff's impairments and limitations when using alcohol and/or

drugs) that Plaintiff is in fact disabled, or whether she

determined what specific limitations would remain if Plaintiff

stopped using alcohol and drugs.  Therefore, remand is necessary

for a proper evaluation of this case pursuant to the holding of

Drapeau, and 20 C.F.R. §§ 404.1535, and 416.935.

Here, the ALJ stated in introducing the issues presented by

the case, that "claimant is able to return to former employment

on a sustained basis, provided she abstains from illegal

substances and is medically compliant.  Therefore, in accordance

with Section 105 of Public Law 104-121, . . . claimant is not

-14-

disabled." (R. 18). The ALJ found that Plaintiff has "marked"
limitations (1) in social functioning, and (2) in maintaining
concentration, persistence, and pace when she is abusing drugs
and/or alcohol. (R. 22-23). Thereby, the ALJ implied that
plaintiff is disabled within the meaning of the Act when she is
abusing drugs and/or alcohol. See, generally, 20 C.F.R. Pt. 404,
Subpt. P, App. 1, § 12.00-12.10("marked" limitations in two
paragraph "B" criteria result in a finding that impairment meets
the Listing criteria and is presumed disabling). Moreover, in
finding number eight, the ALJ concluded that "in accordance with
§ 105 of Public Law 104-121, claimant is not entitled/eligible to
disability benefits under Titles II and XVI of the Social
Security Act." (R. 27). All of these facts lead to the
inference that the ALJ applied the law and the regulations and
determined that plaintiff is disabled when considering her
condition including drug addiction and alcoholism. However,
nowhere in the decision did the ALJ make a finding that plaintiff
is disabled but not entitled to benefits by operation of Public
Law 104-121, or a finding that when considering Plaintiff's
condition including drug addiction and alcoholism she is disabled
but when considering her condition if she stopped using alcohol
and drugs she would not be disabled, or any other similar
finding. In fact, in finding number three, the ALJ concluded
that "Claimant, overall, does not have impairments, considered

-15-

singularly or in combination, which meet or equal any criteria contained in the Listing of Impairments in Appendix 1, Subpart P of Regulations No. 4," (R. 26), thereby implying that Plaintiff's condition does not meet the criteria of a Listing.

Throughout the decision, the ALJ noted that Plaintiff's condition would not be severe, or significant, or meet or equal a listing (or similar language), if she stopped using alcohol and/or drugs. (R. 18, 19, 20, 21, 22, 23, 25, 27). Therefore, it might be argued by negative implication that the ALJ implicitly found that Plaintiff's condition is disabling when considering drug addiction and alcoholism but not when she is not using drugs or alcohol. However, there is nowhere in the decision where the ALJ specifically applied the regulations and the holding of Drapeau, and determined (1) whether Plaintiff is disabled when considering her condition as a whole, (2) which limitations would remain if Plaintiff stopped using drugs and alcohol, and (3) whether any or all of Plaintiff's remaining limitations would be disabling. It appears that the ALJ conflated these three issues and attempted to make all of the necessary determinations simultaneously without specifically addressing each. Therefore, it is not clear that the ALJ applied the correct legal standard applicable in this case.

Moreover, in several instances, the ALJ appears to have conflated the questions of which limitations would remain if

Plaintiff stopped using drugs and alcohol, and whether those remaining limitations would be disabling, with the entirely separate question whether Plaintiff had refused or failed to comply with prescribed treatment. The Tenth Circuit has discussed the proper analysis to determine whether disability should be denied because of a failure to follow prescribed treatment or to take prescribed medication. <u>Frey v. Bowen</u>, 816 F.2d 508, 517 (10th Cir. 1987); <u>accord</u>, <u>Thompson v. Sullivan</u>, 987 F.2d 1482, 1490 (10th Cir. 1993). In <u>Frey</u>, the Tenth Circuit presented a four-part test which must be applied before an ALJ may penalize a plaintiff for failure to follow prescribed treatment or to take prescribed medication. The ALJ must consider: (1) whether the treatment at issue would restore claimant's ability to work; (2) whether the treatment was prescribed; (3) whether the treatment was refused; and if so, (4) whether the refusal was without justifiable excuse. <u>Id.</u>

The court quotes from the body of the decision at issue, seven instances in which the ALJ linked abstaining from drugs and/or alcohol with following prescribed treatment: (1) "claimant is able to return to former employment on a sustained basis, provided she abstains from illegal substances <u>and is medically compliant</u>;" (R. 18); (2) "Claimant's depressive disorder versus bipolar disorder is found to be a non-severe impairment, absent substance abuse <u>and medical non-compliance</u>;"

-17-

id.; (3) "the limitations which are found to reach a significant level of severity are related to substance use and medical non-compliance;" (R. 19); (4) "The record overall points to medical non-compliance for claimant with respect to abstinence from illegal substances, attending mental health appointments, and taking her psychotropic medication as prescribed. As mentioned earlier, claimant has reported significant improvement in her mental symptoms with medication, and the treatment records, overall, show claimant, while not abusing any illegal substances and complying with her medical regimen, to have no severe mental symptoms. . . . Nonetheless, when she is compliant and abstinent, her mental symptoms appear to significantly improve;" (R. 25); (5) ". . . the third party activities report of claimant's friend, . . . does not support a finding that claimant's symptoms would preclude all types of competitive employment, provided she abstains from alcohol and/or illicit drugs and is medically compliant;" id.; (6) "No mental limitations are applicable for claimant, provided she abstains from alcohol and/or illicit drugs and is medically compliant;" id.; and (7) "she has been capable of performing her past relevant sedentary and light jobs . . . , provided she abstains from alcohol and is medically compliant." (R. 26). In each instance quoted, the court has omitted citations and has added underlining to highlight the apparently conflated standard. The ALJ continued the practice of apparently

conflating the different standards in the "**FINDINGS**" section of her decision: "3.  . . . Claimant's depressive disorder versus bipolar disorder is found to be a non-severe impairment, absent substance abuse <u>and medical non-compliance</u>. . . .;" (R. 26); "5. . . . No mental limitations are applicable for claimant, provided she abstains from alcohol and/or illicit drugs <u>and is medically compliant</u>. . . .;" (R. 27); "6.  . . . claimant has not met her burden of proving by substantial evidence that she is incapable of performing this work, provided she abstains from illegal substances <u>and is medically compliant</u>;" <u>id.</u>; "8.  The medical evidence establishes that claimant would not be disabled if she abstains from alcohol and/or illicit drugs <u>and is compliant with her recommended medical regimen</u>.  Therefore, in accordance with § 105 of Public Law 104-121, claimant is not entitled/eligible to disability benefits under Titles II and XVI of the Social Security Act." <u>Id.</u>

Because the ALJ conflated the two standards, the court is unable to determine what limitations the ALJ determined would remain if Plaintiff simply stopped using drugs and alcohol, but continued to be non-compliant with her medical regimen, and whether the ALJ denied benefits based upon refusal to follow prescribed treatment in addition to finding Plaintiff's limitations would be somewhat reduced if she stopped using drugs and alcohol.  Because the ALJ did not apply the correct legal

standard, remand is necessary for application of the correct standard with respect to whether Plaintiff is disabled when considering drug addiction and alcoholism, with respect to refusal to follow prescribed treatment, and with respect to determining whether drug addiction and alcoholism is a contributing factor material to the determination of disability.

**IT IS THEREFORE RECOMMENDED** that the Commissioner's decision be REVERSED, and that judgment be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

Copies of this recommendation and report shall be delivered to counsel of record for the parties. Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this recommendation within fourteen days after being served with a copy. Failure to timely file objections with the court will be deemed a waiver of appellate review. <u>Morales-Fernandez v. INS</u>, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated this <u>2nd</u> day of August 2010, at Wichita, Kansas.


<u>s:/   Gerald B. Cohn</u>
**GERALD B. COHN**
**United States Magistrate Judge**