# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ANNA ARMSTRONG, )
)
        **Plaintiff,** )
)
)
v. ) Case No. 09-2405-CM
)
)
MICHAEL J. ASTRUE, )
**Commissioner of Social Security,** )
)
        **Defendant.** )
_____)

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff seeks review of defendant's denial of disability insurance benefits and supplemental security income payments. 42 U.S.C. §§ 405(g) & 1383(c)(3), et seq. The court referred the matter to Magistrate Judge Cohn for a report and recommendation pursuant to Fed. R. Civ. P. 72(b). Pending before the court is the Report and Recommendation of Magistrate Judge Cohn (Doc. 18). Defendant filed an objection to the Report and Recommendation (Doc. 19).

  The magistrate judge found that the Administrative Law Judge (ALJ) committed error in her disability analysis in conjunction with evidence of plaintiff's alcohol and substance abuse. Further, the magistrate judge recommends that the decision be reversed and judgment be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g), remanding the case for further proceedings.

Defendant objects to the magistrate judge's report and recommendation, arguing that the ALJ properly followed the framework for analyzing alcohol and substance abuse in cases of disability

determination. Defendant argues that the ALJ's determination regarding plaintiff's substance abuse is supported by substantial evidence in the record. After a thorough review of the record, and for the reasons stated below, defendant's objection is overruled, and this court adopts in its entirety the magistrate judge's report and recommendation.

**I.     Standard of Review**

When reviewing a magistrate judge's report and recommendation, the district judge reviews *de novo* the findings that pertain only to the objections. 28 U.S.C. § 636(b)(1)(C). The district court must "consider relevant evidence of record and not merely review the magistrate judge's recommendation." *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995). Further, the district judge is given discretion whether to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

This court reviews the underlying decision of the Social Security Commissioner in order to determine whether the Commissioner's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. It requires more than a scintilla, but less than a preponderance. *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004). It is not this court's duty to "reweigh the evidence or substitute its judgment for that of the secretary." *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).

**II.     Analysis**

The magistrate judge recommends remanding the case to the ALJ for further analysis of plaintiff's condition, using the proper standards provided for in § 105 of Public Law 104-121 as

codified under 42 U.S.C. § 423(d)(2)(C) and pursuant to 20 C.F.R. § 416.935 and *Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001). Defendant objects, arguing that the ALJ properly analyzed plaintiff's disability when taking into account her substance abuse, although acknowledging that an inference could be made by the various facts the ALJ applied to the law. (Doc. 19, at 3.)

Pursuant to 20 C.F.R. § 416.935, the ALJ must analyze plaintiff's condition pursuant to the following:

> (a) General. If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability, unless we find that you are eligible for benefits because of your age or blindness.
>
> (b) Process we will follow when we have medical evidence of your drug addiction or alcoholism.
>
>     (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
>
>     (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.
>
>     (i) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>
>     (ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

The court in *Drapeau* found that the ALJ must first determine whether plaintiff is disabled prior to considering whether plaintiff's alcohol or substance abuse is a contributing factor to her

-3-

disability. 255 F.3d at 1214–1215. It is only after the ALJ determines whether plaintiff is disabled, that he/she then must analyze whether plaintiff would still be found to be disabled absent alcohol or substance abuse. *Id*. "In other words, an ALJ must first conduct the five-step inquiry without separating out the impact of alcoholism or drug addiction." *Yauch v. Astrue*, No. 09-1286-SAC, 2010 WL 3168208, at *3 (D. Kan. Aug. 10, 2010). If after conducting the five-step inquiry, the ALJ determines that plaintiff is not disabled, then plaintiff is entitled to no benefits, and an analysis under 20 C.F.R. §§ 404.1535 or 416.935 is not required. *Id.* If after conducting the five-step inquiry, the ALJ determines that plaintiff is disabled, she must then determine whether alcoholism and substance abuse is a contributing factor. 20 C.F.R. § 416.935.

The ALJ concluded that plaintiff had the following severe impairments: fibromyalgia and a history of substance abuse (crack cocaine and alcohol) in alleged remission, and a non-severe impairment of depressive disorder versus bipolar disorder absent substance abuse and medical non-compliance. *Id*. The ALJ determined that plaintiff's impairments did not meet or equal any criteria contained in the Listing of Impairments in Appendix 1, Subpart P of Regulations No. 4.

An ALJ's determination becomes complicated when there is evidence that plaintiff suffers from a mental disorder in conjunction with alcohol and/or substance abuse. "When it is not possible to separate the mental restrictions and limitations imposed by drug and alcohol abuse and the various other mental disorders shown by the evidence, a finding of 'not material' would be appropriate." *McGoffin v. Barnhart*, 288 F.3d 1248, 1253 (10th Cir. 2002) (internal quotation and brackets omitted). "If the effects of a [plaintiff's] mental illness could not be separated from the effects of substance abuse, the abuse would be found not to be a contributing factor material to the disability determination." *Id*.

After reviewing the record, this court agrees with the magistrate judge that it is difficult to discern whether the ALJ properly analyzed plaintiff's disability in conjunction with evidence of plaintiff's alcohol and substance of abuse. It is difficult to determine whether the ALJ conducted its five-step inquiry irrespective of alcohol and substance abuse because she references plaintiff's alcohol and substance abuse in all of her findings. (*See e.g.*, R. 17.) ("[T]he undersigned has concluded that claimant is able to return to former employment on a sustained basis, provided she abstain from illegal substances and is medically compliant . . . claimant is not disabled."); (R. 18.) ("Claimant's depressive disorder versus bipolar disorder is found to be non-severe impairment absent substance abuse and medical non-compliance . . . evidence does not establish that claimant, absent any alcohol and drug abuse, has an impairment or combination of impairments that meets or equals any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1."); (R. 19.) ("[I]t is clear that the limitations which are found to reach a significant level of severity are related to substance use and medical non-compliance."); (R. 20.) ("[T]here are notations in the record which point to the significant improvement in claimant's medical symptoms when she abstains from alcohol and illegal drugs."); (R. 21.) ("[A]bsent alcohol and illicit drug use, [plaintiff] does not have a severe mental impairment pursuant to the regulations."); (R. 21.) (" [T]he opinion of Dr. Madsen is not supported by the mental health treatment records, provided claimant is not abusing illegal substances . . . [t]he undersigned finds that, absent claimant's alcohol and illicit drug usage, her depressive disorder would not constitute a severe mental impairment as set out in the regulations."); (R. 22.) ("The undersigned finds that claimant, when she abuses illicit drugs and/or alcohol, has a 'marked' limitation in the areas of social functioning and in maintaining concentration, persistence or pace."); (R. 23.) ("[N]one of these conditions would preclude claimant from performing substantial gainful activity, provided she abstains from alcohol and/or illicit drug usage . . . [t]he

Administrative Law Judge, overall, finds that, absent any substance abuse, claimant would continue to have a severe physical impairment which would cause some limitation in her ability to perform work-related activities."); (R. 25.) ("Substantial evidence convinces the undersigned that claimant, secondary to her medical impairments, absent any illicit drug and alcohol usage, would have the following residual functional capacity: [n]o mental limitations are applicable for claimant, provided she abstains from alcohol and/or illicit drugs and is medically compliant.").

It appears that the ALJ misinterpreted the required analysis regarding alcohol and substance abuse in § 105 of Public Law 104-121. Here, the ALJ conducted its five-step inquiry, making findings of plaintiff's disability absent her substance abuse. However, that is not the law. The ALJ must determine whether plaintiff is disabled first, before separating out plaintiff's substance abuse. *Drapeau*, 255 F.3d at 1214–1215. It is only after the ALJ determines plaintiff is disabled that a consideration must be made whether alcohol and substance abuse is a contributing material factor to plaintiff's disability. *Id*.

It is also unclear whether the ALJ properly considered plaintiff's mental impairment and how it is affected by plaintiff's substance. Evidence in the record suggests an extensive history of plaintiff's complaints of depression, diagnoses of depressive and bipolar disorder, along with a prescribed medication regimen. (R. 197, 212, 214, 218, 232, 281, 295, 364.) Evidence also suggests that plaintiff was in periods of remission from alcohol and substance abuse during times when on medication for her mental disorders. (R. 214, 218, 276–277, 298, 365.) It is unclear whether the ALJ took into account these times of remission from substance abuse, during which she was still taking medication for her depressive and bipolar disorders. Because the ALJ has failed to clearly establish that her disability findings were proper pursuant to 42 U.S.C. § 416.935 and *Drapeau*, and

because it is unclear whether the ALJ considered plaintiff's bouts of remission from alcohol and substance abuse in conjunction with her mental disorders, this court believes remand is appropriate. Upon remand, the ALJ shall properly consider the requirements under 42 U.S.C. § 416.935 and *Drapeau* in conducting her five step sequential analysis. Further, the ALJ shall appropriately establish whether plaintiff's mental impairments are severe considering her periods of remission from substance and alcohol abuse.

Defendant also suggests the magistrate judge erred in implying that the ALJ failed to properly analyze plaintiff's non-compliance with her medication regimen under *Frey v. Bowen*, 816 F.2d 508, 517 (10th Cir. 1987). Defendant argues that the ALJ properly made the required findings under *Frey*. (Doc. 19, at 5.) Non-compliance with a prescribed treatment regimen is a factor for the ALJ's credibility determination. *Wright v. Barnhart*, 284 F. Supp. 2d 1277, 1282 –1283 (D. Kan. 2003); *Essman v. Astrue*, No. 09-4001-SAC, 2009 WL 504331, at *8–9 (D. Kan. Dec. 16, 2009) (citations omitted). The ALJ must consider four elements when plaintiff does not comply with the physician's prescribed treatment: "(1) whether the treatment at issue would restore claimant's ability to work; (2) whether the treatment was prescribed; (3) whether the treatment was refused; and, if so, (4) whether the refusal was without justifiable excuse." *Frey*, 826 F.2d at 517; *Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993).

Defendant argues that through the ALJ's piecemeal discussions of plaintiff's failure to comply with her prescribed medical treatment, she fulfilled the requirements under *Frey*. The court disagrees. The ALJ's discussion of plaintiff's non-compliance is somewhat limited, and is, for the most part, linked to references of plaintiff's alcohol and substance abuse. The ALJ provided a glimpse of what treatment was prescribed for plaintiff. (R. 20.) ("The record overall points to medical non-compliance for claimant with respect to abstinence from illegal substances, attending

mental health appointments, and taking her psychotropic medication as prescribed.") The court also notes that the ALJ considered in certain instances whether the treatment was refused. (R. 19.) ("It was noted that claimant stopped taking Celexa because of the side effect of fatigue and she noted that she didn't feel depressed anymore.") (internal quotation marks omitted).

However, the ALJ failed to make specific findings, linked to substantial evidence in the record, regarding whether plaintiff's medical treatment absent her alcohol or substance abuse would restore her ability to work and whether her refusal to take the medication was justifiable. Instead, the ALJ made general statements about plaintiff's condition when she complies with her medication, but did not separate out abstinence from alcohol and substance abuse. (R. 20.) ("The treatment records, overall, show claimant, while not abusing any illegal substances and complying with her medical regimen, [would] have no severe mental symptoms . . . [n]onetheless, when she is compliant and abstinent, her mental symptoms appear to significantly improve."). In making her decision, an ALJ must consider all the evidence, and discuss the evidence supporting her decision, the uncontroverted evidence upon which she chooses not to rely, and significantly probative evidence she rejects. *Jones v. Astrue*, 500 F. Supp. 2d 1277, 1285 (D. Kan. 2007) (quoting *Clifton v. Chater*, 79 F.3d 1007, 1009–10 (10th Cir. 1996)) (citation omitted). The ALJ may not selectively use abstract evidence in support of [her] decision and ignore evidence supportive of plaintiff's allegations." *Owen v. Chater*, 913 F. Supp. 1413, 1420 (D. Kan. 1995).

As discussed above, evidence in the record indicates that although reportedly not abusing alcohol or illicit substances since July 8, 2004, and with only occasional relapses, plaintiff has reported "depressive and manic symptoms" occurring since adolescence, and she has been off and on medication over the years. (R. 197, 208–209, 212, 252, 298.) Reports also indicate that she has

been prescribed psychotic medication, but that a pattern of mental disorder "cannot be established because of her substance use," and she has never been hospitalized for this diagnosis. (R. 298.) The ALJ failed to discuss evidence in the record that contradicts her findings regarding an improvement in plaintiff's symptoms when she is medically compliant. (R. 277.) ("[O]n 10/6[/04] [plaintiff] continues to complain of anxiety but states she has not used drugs or alcohol . . . on 11/17[/04], the physician also notes she is doing better although still complaining of depressed mood . . . [s]he has now been abstinent from drugs and alcohol for almost 4 months.")

This court agrees with the magistrate judge that it is difficult to discern whether the ALJ has made the appropriate findings regarding plaintiff's treatment non-compliance under *Frey*. Further, this court cannot discern whether the ALJ analyzed plaintiff's failure to comply with her medication regimen separate from her substance abuse and periods of remission. Remand is appropriate for further analysis of plaintiff's medial treatment non-compliance.

After reviewing the entire record de novo, this court agrees with the magistrate judge's analysis, adopts the report and recommendation, and remands this case for further evaluation pursuant to §§ 216(i), 223(d) and 1614(a)(3)(A) of the Social Security Act.

IT IS THEREFORE ORDERED that defendant's Objection to the Magistrate Judge's Report and Recommendation (Doc. 19) is overruled.

IT IS FURTHER ORDERED that the August 2, 2010 Report and Recommendation (Doc. 18) is hereby adopted in its entirety by this court, and that the case is remanded for further evaluation pursuant to §§ 216(i), 223(d) and 1614(a)(3)(A) of the Social Security Act. Judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. §405(g).

The Clerk of the Court is directed to enter Judgment accordingly.

Dated this 30th day of September, 2010 at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
CARLOS MURGUIA
United States District Judge